UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD LEWIS GILBERT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-611-P-H |
| | ) |
| MARK ANDERSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

On December 7, 2009, I reserved ruling on Donald Gilbert's motion for leave to proceed in forma pauperis (IFP) and directed him to either pay the $350.00 filing fee or file a new IFP application with a certified copy of his prison account by December 28, 2009. The court mailed a copy of this order to Gilbert at the address provided by him: 522 Bath Rd, Two Bridges Regional Jail, Wiscasset, Maine, 04578.[1] On December 9, 2009, the court received from Mr. Gilbert a notice of change of address and another copy of the December 7, 2009, order was mailed to him at the Maine State Prison, 807 Cushing Rd, Warren, Maine, 04864-4600. On December 16, 2009, the court received a certified copy of his prison account at Two Bridges Jail, sent directly from the jail's business office, presumably in response to my inquiry based upon Gilbert's allegation that the business office would not provide him with the necessary information. On December 16, 2009, I issued another order extending the deadline to January 15, 2010, for Gilbert to provide an amended application to proceed in forma pauperis and a certified copy of his prison account at his current place of incarceration, the Maine State Prison. I advised Gilbert that his failure to comply with my orders may result in a recommendation that his

---

[1] The envelope actually placed the jail's name a line above the street address.

complaint be dismissed for lack of prosecution. As of today's date, Gilbert has neither paid the required filing fee nor filed a properly completed IFP application and certified copy of his Maine State Prison account. Gilbert's failure to comply with my order provides a basis for my recommendation that this case be dismissed without prejudice for failure to prosecute.

For efficiency's sake, I have screened his complaint pursuant to 28 U.S.C. § 1915A(b), which directs that in cases such as this the court shall "dismiss the complaint, or any portion of the complaint, if the complaint ...is frivolous, malicious, or fails to state a claim upon which relief may be granted[] or seeks monetary relief from a defendant who is immune from such relief." Even if Gilbert had complied with my December 7, 2009, order I would now recommend that it be dismissed because it fails to state a claim.

Gilbert's complaint contains two discrete claims. First, he claims he was denied appropriate medical treatment. Second, he claims his rights were violated because the jail did not follow its own policy and procedure by handling his grievance about inadequate medical treatment in a timely fashion. Gilbert is an insulin dependent diabetic and the medical department at the jail instructed the kitchen and shift supervisors that he was to have a "snack bag to give coverage for P.M. insulin shot." (Compl. at 4.) Approximately six days after the memo issued from the medical department on July 9, 2009, Gilbert filed a grievance because the jail staff had been giving him his evening snack at "their individual whim" and not on schedule. (Id.) The day following the lodging of the grievance, the medical department at the jail issued a memo stating, "Gilbert, Donald – 7/10/09, inmate to get his HS diabetic snack to be given between 5:30 p.m.-7:30 p.m. with no exception." (Id. at 4-5.) Gilbert further complains that on November 19, 2009, only one snack bag had been sent to the officer in charge and she had given

it to another diabetic inmate.  She told Gilbert she had called her supervisor and made him aware that the snack bag had not been delivered.  (Id. at 5-6.)  The supervisor acknowledged that he knew the snack bag had not been delivered and that Gilbert would receive it at a time of the supervisor's choosing after 9:20 p.m.  (Id. at 6.)

There are no further allegations in the complaint relating to "medical treatment" or failure to comply with the snack bag requirement.  The remainder of Gilbert's complaint is given over to the dilatory manner in which Anderson and Bailey handled his internal jail grievances and the business office's delay in processing his request for a certification of his inmate account in order to allow him to proceed in court.  (Id. )  Gilbert complains at length about the "delay" in processing his grievance and the failure to comply with internal jail policies.

Jail policies regarding grievance procedures do not in and of themselves implicate any constitutional rights.  See generally  Sandin v. Conner, 515 U.S. 472 (1995); Dominique v. Weld, 73 F.3d 1156, 1159 -61 (1st Cir. 1996); Raines v. Mitchell, No. 3:09-01025, 2009 WL 3681832, 2  (M.D. Tenn. Nov. 3, 2009) ("[T]he plaintiff cannot premise a § 1983 claim on his allegation that the defendant's responses to his grievances were inadequate and/or unresponsive, because there is no inherent constitutional right to an effective grievance procedure in the first place.") (collecting cases).

Gilbert is not alleging that he was disciplined by administrative action, such as the loss of good time or privileges.  He is simply complaining about the speed at which his grievance was processed.  He notes that when Bailey finally formally responded to his grievance on October 21, 2009, he simply noted a terse "this issue was corrected."  (Id. at 4.)  While the response may

have been tardy, it appears, based on the complaint allegations, to have been accurate when made.

Gilbert's sole constitutional claim is a claim of inappropriate medical treatment, an Eighth Amendment claim of cruel and unusual punishment. In the context of medical treatment afforded to prisoners, this claim depends on demonstrating "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). A clear case of deliberate indifference would exist if a serious medical need were ignored for the very purpose of inflicting punishment on a prisoner. See Feeney v. Corr. Med. Serv., Inc., 464 F.3d 158, 161-62 (1st Cir. 2006). But "wanton" acts can also suffice, where there is inaction despite "actual knowledge of impending harm, easily preventable." DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). Mere inadvertence and negligence do not suffice to meet the constitutional threshold, but "[t]he requisite state of mind may be manifested by the officials' response to an inmate's known needs or by denial, delay, or interference with prescribed health care." Id. In sum, the claim has both an objective component and a subjective component. On the objective side, the deprivation of needed care must be sufficiently serious. On the subjective side, the state of mind of the individual defendant must be such that a fact finder could fairly conclude that the deprivation arose from wanton disregard. Id. at 18.

Gilbert's allegations do not meet either the objective or the subjective components. While I do not diminish the seriousness of diabetes as a medical condition, Gilbert alleges that for approximately six days he received his "snack bag" at erratic hours and that once he complained the situation was corrected immediately, although there was an isolated repeat incident occurring on November 19, 2009. Objectively these allegations do not suggest

4

imminent harm or a deprivation. Accordingly, even if Gilbert had paid the filing fee or submitted a proper IFP application, this case would be susceptible to dismissal for failing to state a claim of a deprivation of constitutional magnitude.

## Conclusion

Based upon Gilbert's failure to comply with my prior orders and the warning contained therein, I recommend that this matter be dismissed without prejudice due to Gilbert's failure to prosecute the case. In the event Gilbert tardily provides the necessary financial documentation, I would recommend that the matter be dismissed in any event because it fails to state a claim and does not survive the initial screening required under the statute.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 20, 2010

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge